UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD ROUSE,

                                    Case No. 2:21-cv-11626

      Plaintiff,

                                    District Judge Linda V. Parker
                                    Magistrate Judge Kimberly G. Altman

v.

DANA NESSEL, R. PAUL VIAR,
and DENNIS JAMES,

      Defendants.

_____/

## REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION TO DISMISS (ECF No. 19) AND DENY PLAINTIFF'S MOTION TO AMEND COMPLAINT (ECF No. 23)[1]

I.      Introduction

This is a civil rights case. Plaintiff Donald Rouse ("Rouse"), proceeding *pro se*, filed a complaint, later amended, under 42 U.S.C. § 1983 naming as Defendants Dana Nessel ("Nessel"), R. Paul Viar ("Viar"), and Dennis James ("James")

---

[1] Upon review of the parties' papers, the Court deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

(collectively, "Defendants" where appropriate).  Pretrial matters have been referred to the undersigned.  (ECF No. 6).  As will be explained, this is Rouse's second case challenging his arrest in South Carolina based on a warrant that originated with the Michigan Attorney General's Office for a failure to pay child support.

Before the Court are Defendants' motion to dismiss (ECF No. 19), and Rouse's motion for leave to amend complaint.  (ECF No. 23).[2]  For the reasons discussed below, the undersigned RECOMMENDS that the motion to dismiss be GRANTED, that the motion for leave to amend complaint be DENIED, and that the case be DISMISSED.

## II.    Facts

The following facts are gleaned from the amended complaint as follows:

On May 29, 2015, Rouse was arrested at his home in South Carolina based on a warrant from the State of Michigan Attorney General's Office.  *Amended Complaint*, ¶ 13, (ECF No. 9, PageID.74).  He alleges that the "Attorney General's office and the State of Michigan sent fraudulent Documents to the State of South Carolina [and] committed Fraud and wire Fraud and misled the State of South Carolina to make it look like the plaintiff was a fugitive from justice." (*Id*., ¶ 15, PageID.75).

---

[2] The brief in support of the motion to dismiss is filed as ECF No. 20.

Rouse initially filed a federal civil complaint in the District of South Carolina regarding his arrest. The case was transferred to this district. In this first case, Rouse named Nessel and others as defendants and made similar allegations as in the instant case. *Rouse v. Nessel, et al.*, 20-12088 (E.D. Mich.) ("the 2020 Case"). The 2020 Case was dismissed on September 29, 2021. *See* ECF No. 41 in case no. 20-12088.

While the 2020 Case was still pending, Rouse filed the instant case in this district again challenging the warrant making similar, if not nearly identical, allegations. He alleges that the Michigan courts do not and have never had jurisdiction over him and "have NO cause of action and NO case against the plaintiff." (ECF No. 9, ¶ 24, PageID.76). (Capitalization in original). He states that his former spouse and her attorney filed for a default judgment of divorce in 1994, but that he was not domiciled in Michigan at that time and was never served. He states that he is not a citizen of the State of Michigan and has no contacts with the State of Michigan. (*Id*., ¶ ¶ 26-27). He alleges that a support order was entered on September 27, 2001, by "a third party signing the judges (sic) name to the order." (*Id*., ¶ 30, PageID.77). He states that "[t]he order is VOID for Lack of Jurisdiction and NO Due Process." (*Id*., ¶ 31, PageID.77). (Capitalization in original). Rouse further alleges that the warrant "was dismissed on May 16th,

2017, Nolle Prosequi by Assistant Attorney General R. Paul Viar." (*Id*., ¶ 40, PageID.78).

Rouse further alleges that on March 25, 2021, he moved to amend his complaint in the 2020 case, and that four weeks later, on April 22, 2021, Viar and James "filed a new warrant for the same case that was Nolle Prosequi on May 16th, 2017." (*Id*., ¶¶ 41-42, 48). The new warrant alleged a violation of the same state statute as the previous warrant. (*Id*., ¶ 41).[3] Rouse alleges that the 2021 warrant was issued in retaliation for his having sought to amend his complaint in the 2020 Case. (*Id*., ¶ 43, PageID.79). He further alleges that Defendants charged him on April 22, 2021, after the statute of limitations had expired. (*Id*., ¶ 58, PageID.81).

Count I of the amended complaint is brought under 42 U.S.C. § 1983 and alleges that all Defendants deprived him of his constitutional rights "in violation of Due Process and without lawful authority or Jurisdiction." (*Id*., ¶ 72, PageID.84).

---

[3] The statute under which Rouse was charged is M.C.L. § 750.165(1), which provides:

> (1) If the court orders an individual to pay support for the individual's former or current spouse, or for a child of the individual, and the individual does not pay the support in the amount or at the time stated in the order, the individual is guilty of a felony punishable by imprisonment for not more than 4 years or by a fine of not more than $2,000.00, or both.

Residing in the State or leaving the State is not an element of this offense.

Further, giving the *pro se* pleading a liberal construction, Count I is also construed to raise a claim of First Amendment retaliation claim which will be separately addressed. In Count II, Rouse brings a claim of conspiracy under 18 U.S.C. § 241. (*Id.*, ¶¶ 75-77). In Count III, he alleges a deprivation of constitutional rights under 18 U.S.C. § 242. (*Id.*, ¶ 78-80).

### III. Standard for Dismissal

### A. Rule 12(b)(6)

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action ..."). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "The plausibility of an inference depends on a host of

considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013). Furthermore, the Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### B.   Rule 12(b)(1)

This Court has the inherent authority to dismiss a frivolous case under Fed. R. Civ. P. 12(b)(1). "[A] district court may, at any time, dismiss *sua sponte* a complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). A case is frivolous if it lacks arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

### IV.   Motion to Dismiss

#### A.   Arguments in Favor of Dismissal

Defendants present three arguments in support of dismissal. First, they argue that because Rouse is in effect challenging a state court judgment, his claims are barred by the *Rooker-Feldman* doctrine. Second, they argue that they are

entitled to prosecutorial immunity.  Third, they argue that Rouse has failed to

articulate a plausible factual basis for his claims, and therefore the amended

complaint does not meet the *Trombley* and *Iqbal* pleading standard.

In addition to these arguments, the undersigned considers the following

issues *sua sponte* under Rule 12(b)(1): Rouse's retaliation claim; *res judicata*;

*Heck v. Humphrey*, 512 U.S. 477 (1994); *Younger* abstention (*Younger v.

Harris,* 401 U.S. 37 (1971)); and claims under criminal statutes (Counts II and III).

B.     Count I:  Rouse's Due Process and Lack of Jurisdiction Claims

1.     *Rooker-Feldman*

As noted above, Count I of the amended complaint challenges the validity of

the pending arrest warrant against him.  That warrant is based on the alleged

violation of M.C.L. § 750.165(1), which is in turn based on the 2001 child support

order.  As he did in his now-dismissed 2020 case, Rouse argues that the child

support order is invalid because the state court did not have personal jurisdiction

over him.  *See* ECF No. 9, PageID.77.  ("The order is VOID for Lack of

Jurisdiction and NO Due Process)."  (Capitalization in original).

The *Rooker-Feldman* doctrine is based on the principle that a federal district

court does not have appellate jurisdiction to review a state court judgment; that

power is reserved to the Supreme Court under 28 U.S.C. § 1257.  *See Exxon Mobil*

7

*Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005). *Exxon Mobil* held as follows:

> The Rooker-Feldman doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

*Id.*, 544 U.S. at 284, S.Ct. 1521-22. "The pertinent question in determining whether a federal district court is precluded under the *Rooker-Feldman* doctrine from exercising subject-matter jurisdiction over a claim is whether the 'source of the injury' upon which plaintiff bases his federal claim is the state court judgment." *In re Cook*, 551 F.3d 552, 548 (6th Cir. 2009).

The undersigned recommended that Rouse's 2020 Case be dismissed based on the *Rooker-Feldman* doctrine, and again makes that recommendation. As explained in the 2020 Case, the source of Rouse's claimed injury is the 2001 state court order-judgment, as explained:[4]

> The complaint thus makes clear that Rouse's challenge to the 2001 warrant is a challenge to the State court's 2001 child support "order-judgment," and that State court order is the source of his injury. Under Rooker-Feldman, this Court does not have jurisdiction to hear his claim.

*See* ECF No. 37, PageID.425 in the 2020 case.

---

[4] Rouse's challenge to the 2001 child support order on the basis that the judge authorized someone else to sign his name was also rejected in the 2020 Case.

Rouse argues that *Rooker-Feldman* does not apply where the state court judgment being attacked was entered without jurisdiction.  Rouse cites and quotes heavily from the Tenth Circuit decision in *United States v. Bigford*, 365 F.3d 859 (10th Cir. 2004), where the Court stated, "A judgment may therefore be attacked in a collateral proceeding in another jurisdiction on the basis that it was rendered without jurisdiction." *Id.* at 865.  But Rouse takes this language out of context. *Bigford* was a criminal case where the defendant was charged with violating the Deadbeat Parents Punishment Act of 1998 ("DPPA"), 18 U.S.C. § 228(a), which criminalizes the failure to pay child support with respect to a child who lives in another state.  *Bigford* held that in the context of the federal criminal prosecution under the DPPA, the statute permitted a defendant to collaterally attack the state court child support order, upon which the prosecution was based, on jurisdictional grounds.  *Bigford* simply did not involve an application of Rooker-Feldman. Rouse's case does not involve a federal criminal prosecution under the DPPA. There is only a Michigan prosecution under M.C.L. § 750.165(1).  His jurisdictional argument is more properly addressed to the Michigan courts.  In any event, Rouse's reliance on *Bigford* and other cases discussing why judgments obtained in the absence of jurisdiction are void are beside the point because he does not take into account the Supreme Court's decision in *Exxon Mobile*, which clarified that in determining whether *Rooker-Feldman* applies, the Court must look

to the *source* of the alleged injury, which in this case is the Michigan child support

order.  *See McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006) (under

*Rooker-Feldman*, the sole "inquiry...is the source of the injury plaintiff alleges in

the federal complaint.").  In *Thompson v. Gorcyca*, No. 20-cv-10727, 2021 WL

4220753, at *4 (E.D. Mich. Sept. 16, 2021) (Leitman, J.), the plaintiff, like Rouse,

argued that *Rooker-Feldman* did not bar his federal claim because the state court

lacked personal jurisdiction over him.  The district court rejected this argument,

stating:

> To the extent that Thompson wanted relief from the state court orders
> and judgments on the basis that the state courts lacked authority or
> jurisdiction to enter them, he should have taken appeals in the Michigan
> state appellate courts and, if necessary and appropriate, in the United
> States Supreme Court.  *See*, *e.g.*, *Hall*, 727 F.3d at 454 (noting that
> "even if [the state court] had conducted [its] proceedings erroneously,
> [p]laintiffs could have directly appealed to the state appellate court").

If Rouse wishes to contest the 2001 child support order on jurisdictional

grounds or any other grounds, his remedy lies in the Michigan courts, not the

federal court.  As this Court found in the 2020 Case, Rouse's due process and

jurisdictional claim is barred by *Rooker-Feldman* and must be dismissed.

### 2. *Res Judicata*

*Rooker-Feldman* aside, Rouse's 2020 Case involved the same due process

and jurisdiction claim and the same facts as the present case.  Therefore, his due

process and jurisdictional claims in this case are barred under the doctrines of *res*

*judicata* and collateral estoppel, which encompass claim preclusion and issue
preclusion. In *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008), the Supreme Court
explained:

> Under the doctrine of claim preclusion, a final judgment forecloses
> "successive litigation of the very same claim, whether or not relitigation
> of the claim raises the same issues as the earlier suit." *New Hampshire
> v. Maine*, 532 U.S. 742, 748 (2001). Issue preclusion, in contrast, bars
> "successive litigation of an issue of fact or law actually litigated and
> resolved in a valid court determination essential to the prior judgment,"
> even if the issue recurs in the context of a different claim. *Id.*, at 748-
> 749. By "preclud[ing] parties from contesting matters that they have
> had a full and fair opportunity to litigate," these two doctrines protect
> against "the expense and vexation attending multiple lawsuits,
> conserv[e] judicial resources, and foste[r] reliance on judicial action by
> minimizing the possibility of inconsistent decisions." *Montana v.
> United States*, 440 U.S. 147, 153-154 (1979).

Thus, Rouse's claims are subject to dismissal based on *res judicata*.

### 3. Prosecutorial Immunity

Defendants argue that they all enjoy prosecutorial immunity from Rouse's
due process and jurisdictional claims. Prosecutors are entitled to absolute
immunity for activities "intimately associated with the judicial phase of the
criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). In *Kalina v.
Fletcher*, 522 U.S. 118 (1997), the Supreme Court applied a functional analysis to
determine whether a prosecutor is entitled to absolute immunity. Under a
functional analysis, a prosecutor is entitled to immunity when performing the
traditional functions of an advocate. (*Id*. at 130). "In the Sixth Circuit, the focus

of the inquiry is how closely related the prosecutor's conduct is to his role as an

advocate intimately associated with the judicial phase of the criminal process."

*Harris v Kitchka*, No. 1:19-cv-954, 2019 WL 7343353, at *3 (W.D. Mich,

December 31, 2019) (citing *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir.

2003)).  As long as a prosecutor's actions are related to the prosecutorial role of

advocacy, his or her actions are protected by absolute immunity, even if those

actions are illegal.  *Cady v. Arenac Cnty.*, 574 F.3d 334, 340 (6th Cir. 2009) ("But

courts will bar § 1983 suits arising out of even unquestionably illegal or improper

conduct by the prosecutor so long as the general nature of the action in question is

part of the normal duties of a prosecutor.") (*citing Imbler*).  In *Imbler*, the Court

held that the prosecutor was entitled to absolute immunity even though he was

accused of knowingly presenting false testimony at trial.  424 U.S. at 413; *see also*

*Jones v. Shankland*, 800 F.2d 77, 80 (6th Cir. 1986) ("The use of perjured

testimony and the non-disclosure of exculpatory information are certainly entitled

to absolute immunity.").

     Here, Nessel is the Michigan Attorney General.  Viar is an Assistant

Attorney General who requested a warrant alleging Plaintiff's violation of M.C.L.

§ 750.165.  Requesting and obtaining an arrest warrant is a core prosecutorial

function that is protected by absolute immunity.  In *Ireland v. Tunis*, 113 F.3d

1435 (6th Cir. 1997), the Court held:

> A prosecutor's decision to file a criminal complaint and seek an arrest warrant and the presentation of these materials to a judicial officer fall squarely within the aegis of absolute prosecutorial immunity…. Presenting the charging documents to a judicial officer and procuring an arrest warrant must be considered part of the formal process of initiating a prosecution and securing the presence of the accused at trial.

*Id.*, at 1446-47.   Thus, Rouse's due process and jurisdictional claims against Nessel and Viar are subject to dismissal based on prosecutorial immunity.

James, however, is a Special Agent with the Michigan Attorney General's Office.  Rouse alleges that he was the complaining witness in the 2021 warrant request.  (ECF No. 9, PageID.78).  An investigatory or pre-charge action by a law enforcement agent, or even by a prosecutor, is not covered by prosecutorial immunity.  *See Spurlock v. Thompson*, 330 F.3d 791, 799 (6th Cir. 2003).  Therefore, although Rouse's due process and jurisdictional claims against James are subject to dismissal on other grounds as discussed in this Report, they are not subject to dismissal based on prosecutorial immunity.

### 4.    Failure to State a Claim

Defendants also argue that the complaint fails to meet the basic pleading requirements to support a due process or jurisdictional claim under § 1983.  To state a claim under § 1983, a complaint must allege that persons acting under color of state law caused the deprivation of a federal statutory or constitutional right.  *Barber v. Overton*, 496 F.3d 449, 453 (6th Cir. 2007).  "Under § 1983, there is no *respondeat superior* or vicarious liability." *Flagg v. City of Detroit*, 715 F.3d

165, 174 (6th Cir. 2013).  "When suing an individual actor . . . for constitutional violations under § 1983, a plaintiff must demonstrate that the actor 'directly participated' in the alleged misconduct, at least by encouraging, implicitly authorizing, approving or knowingly acquiescing in the misconduct, if not carrying it out himself."  *Id*.  "To prove acquiescence, it is not enough to show that the actor merely failed to act against misconduct of which he was aware."  *Id*.  Rather, a plaintiff must also show that defendants are personally involved in the allegations underlying the complaint.  *Rizzo v. Goode*, 423 U.S. 362, 372 (1976); *Bellamy v. Bradley,* 729 F.2d 416 (6th Cir. 1984).

Regarding Nessel, the complaint is devoid of any facts to show that she, as the Michigan Attorney General, had any personal involvement in the decision to charge Rouse.  Moreover, liability in a § 1983 case cannot be based on a theory of *respondeat superior*, or mere supervisory liability.  *Monell v. Dep't of Soc. Serv.,* 436 U.S. 658, 692 (1978).  Moreover, as Nessel is named in her official capacity only, she is shielded by Eleventh Amendment sovereign immunity. *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (quoting *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)) ("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver.").  Thus, Rouse's due process and

jurisdictional claims against Nessel are subject to dismissal for failure to state a claim.

As to Viar and James, with the exception of the retaliation claim, which will be addressed below, Defendants are correct in arguing that the amended complaint is long on legal conclusions and short on supporting facts. For example, Rouse alleges in conclusory language that "Defendants…conspired to impede and oppress, injure, threaten and intimidate the plaintiff…." (ECF No. 9, PageID.80). He further alleges that "Defendants . . . conspired to impede and oppress, injure, threaten and intimidate the plaintiff...." (ECF No. 9, PageID.80) and that "Defendants . . . have NO jurisdiction or lawful authority over the plaintiff." (ECF No. 9, PageID.81) and that "Defendants keep going the court [sic] with intentional misrepresentation of material existing fact with knowledge of its falsity and committed FRAUD..." (ECF No. 9, PageID.83).

The amended complaint simply fails to set forth sufficient factual detail to tie Defendants to the alleged wrongs. Rouse's due process and jurisdictional claims are also subject to dismissal for failure to state a claim.

### C.   Count I:  Rouse's Retaliation Claim

Although Defendants did not address it, a fair read of Count I of the complaint reveals that Rouse alleges that the 2021 arrest warrant was issued in retaliation for his having sought to amend his complaint in the 2020 Case. Under

the liberal construction afforded to *pro se* litigants, this allegation can be construed as raising a First Amendment retaliation claim.  To establish such claim, a plaintiff must show:

> (1) that the plaintiff was engaged in a constitutionally protected activity;
>
> (2) that the defendant's adverse action caused the plaintiff to suffer an injury that would likely chill a person of ordinary firmness from continuing to engage in that activity; and
>
> (3) that the adverse action was motivated at least in part as a response to the exercise of the plaintiff's constitutional rights.

*Paige v. Coyner*, 614 F.3d 273, 277 (6th Cir. 2010) (citing *Bloch v. Ribar*, 156 F.3d 673, 678 (6th Cir. 1998)).  As to the third element, the Supreme Court in *Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019), held:

> To prevail on such a claim, a plaintiff must establish a "causal connection" between the government defendant's retaliatory animus" and the plaintiff's "subsequent injury."  It is not enough to show that an official acted with a retaliatory motive and that the plaintiff was injured – the motive must cause the injury.  Specifically, it must be a "but-for" cause, meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive.  (Internal citations omitted).

*Nieves* further held that a showing of "probable cause to make an arrest defeats a claim that the arrest was in retaliation for speech protected by the First Amendment."  *Id.* at 1721; *see also Hartman v. Thompson*, 931 F.3d 471, 484 (6th Cir. 2019) ("As *Nieves* makes clear, if there is a showing of probable cause, a

retaliatory arrest claim fails.").[5]  In issuing the warrant, a Michigan judge found

probable cause that Rouse violated M.C.L. § 750.165(1).  Thus, at this point,

Rouse cannot make out a viable retaliation claim.

Moreover, if Rouse were to prevail on his retaliation claim in this court, that

would render his state court criminal proceedings invalid.  This would run contrary

to the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994).  In *Heck*, the Supreme

Court held that a plaintiff cannot recover damages "for allegedly unconstitutional

conviction or imprisonment, or for other harm caused by actions whose

unlawfulness would render a conviction or sentence invalid," unless the plaintiff

shows "that the conviction or sentence has been reversed on direct appeal,

expunged by executive order, declared invalid by a state tribunal authorized to

make such determination, or called into question by a federal court's issuance of a

writ of habeas corpus. . . ."  *Id*. at 486-87.

Here, the state criminal proceedings, which were initiated by the issuance of

the complaint and warrant, have not been terminated, and in fact are ongoing.

Until Rouse can show that the criminal case was terminated in his favor, any

retaliation claim is premature.  *See Goode v. Muhammad*, No. 18-10314, 2018 WL

---

[5]  To the extent that the amended complaint also makes a claim of malicious
prosecution under the Fourth Amendment, a showing of probable cause is still
required.  *See Sykes v. Anderson*, 625 F.3d 294, 308–09 (6th Cir. 2010) (citing *Fox
v. DeSoto*, 489 F.3d 227, 237 (6th Cir. 2007)).

705153, at *2 (E.D. Mich. Feb. 5, 2018) (case dismissed without prejudice under *Heck* where the state criminal proceedings were ongoing).

In addition, any consideration of Rouse's retaliation claim would be improper based on the abstention doctrine in *Younger v. Harris,* 401 U.S. 37, 43 (1971). "*Younger* abstention applies when the state proceeding 1) is currently pending, 2) involves an important state interest, and 3) affords the plaintiff an adequate opportunity to raise constitutional claims." *Coles v. Granville*, 448 F.3d 853, 865 (6th Cir. 2006). The Sixth Circuit in *Coles* added:

> *Younger* abstention is built upon common sense in the administration of a dual state-federal system of justice. When a person is the target of an ongoing state action involving important state interests, a party cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. If the state party files such a case, *Younger* abstention requires the federal court to defer to the state proceeding.

*Id*. at 865-66 (citing *Watts v. Burkhart,* 854 F.2d 839, 844–48 (6th Cir.1988)).

Rouse can contest the issue of probable cause in his state criminal case. Under *Younger*, it is appropriate to abstain from interfering in that case. Because Rouse has an opportunity to litigate the issue of probable cause, which is implicated in his retaliation claim, the claim should be dismissed without prejudice. *See Diehl v. Nelson,* 198 F.3d 244, 1999 WL 1045076, at *1 (6th Cir. Nov.12, 1999) (Table) (Claims barred by *Heck* "should have been dismissed

*without* prejudice.") (emphasis added) (citing *Fottler v. United States,* 73 F.3d 1064, 1065 (10th Cir.1996)).

D.    Counts II-III: Rouse's Claims under 18 U.S.C. §§ 241 and 242

In Counts II and III of his amended complaint, Rouse brings claims under 18 U.S.C. §§ 241 and 242, respectively.  These are criminal statutes.  They "do not authorize civil suits or create a private cause of action for the alleged deprivation of civil rights." *Teague v. Genesee Cty.*, No. 2:21-cv-12367, 2021 WL 5040322, at *2 (E.D. Mich. Oct. 29, 2021) (Berg, J.); *see also United States v. Oguaju*, 76 F. App'x 579, 581, 2003 WL 21580657, at *2 (6th Cir. 2003) ("the district court properly dismissed Oguaju's claim pursuant to 18 U.S.C. §§ 241 or 242 because Oguaju has no private right of action under either of these criminal statutes"); *Young v. Overly*, No. 17-6242, 2018 WL 5311408, at *2 (6th Cir. July 2, 2018) (collecting cases).  Thus, Counts II and III should be dismissed.

V.    Motion to Amend Complaint

Under Fed. R. Civ. P. 15(a), motions to amend are addressed to the Court's discretion. *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986).  In deciding whether to allow an amendment, "the court should consider the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Perkins v. American Elec. Power*

*Fuel Supply, Inc.,* 246 F.3d 593, 605 (6th Cir. 2001). Despite the general rule of liberality with which leave to amend is to be granted, the Sixth Circuit has held that the motion may properly be denied if the amended complaint would not survive a motion to dismiss. *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 782 (6th Cir. 2015); *Rose v. Hartford Underwriters Ins. Co.,* 203 F.3d 417, 420 (6th Cir. 2000).

The claims in Rouse's proposed second amended complaint suffer from the same deficiencies as the first amended complaint discussed above. The claims are barred for many reasons, including *Rooker-Feldman*, *res judicata*, prosecutorial immunity and failure to state a claim. Any retaliation claim is barred by *Heck v. Humphrey* and *Younger*. Permitting Rouse to amend his complaint to raise claims that have already been rejected would be futile. His motion to amend should be denied.

## VI. Conclusion

For the reasons stated above, it is recommended that Defendants' motions to dismiss be GRANTED, that Rouse's First Amendment retaliation claim be DISMISSED WITHOUT PREJUDICE, and that all other claims be DISMISSED WITH PREJUDICE.

It is further recommended that Rouse's motion to amend his complaint be

DENIED.


Dated: March 14, 2022                                   s/Kimberly G. Altman
Detroit, Michigan                                        KIMBERLY G. ALTMAN
                                                         United States Magistrate Judge


## <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>

The parties to this action may object to and seek review of this Report and

Recommendation.  Any objections must be filed within 14 days of service, as

provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).

Failure to file specific objections constitutes a waiver of any further right of

appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health &*

*Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some

issues but fail to raise others with specificity will not preserve all the objections a

party might have to this Report and Recommendation.  *Willis v. Sec'y of Health &*

*Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Under Local Rule

72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2,"

etc.   Any  objection  must  recite  precisely  the  provision  of  this  Report  and

Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 14, 2022.

s/Carolyn M. Ciesla
CAROLYN M. CIESLA
Case Manager