UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD ROUSE,

        Plaintiff,

                                Civil Case No. 21-11626

v.                              Honorable Linda V. Parker

DANA NESSEL,
MICHELLE DOERR-TIBBITS,
DEAN ALAN, and PETER J. MACERONI,

        Defendants.

_____/

**OPINION AND ORDER (1) ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION (ECF NO. 26); (2) REJECTING
PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION
(ECF NO. 27); (3) GRANTING DEFENDANTS' MOTION TO DISMISS
(ECF NO. 19); (4) DENYING PLAINTIFF'S MOTION FOR LEAVE TO
AMEND HIS COMPLAINT (ECF NO. 23); AND (5) ADDRESSING
PLAINTIFF'S MOTION FOR JUDICIAL NOTICE (ECF NO. 28)**

On July 2, 2021, Plaintiff Donald Rouse filed this *pro se* civil rights action

under 42 U.S.C. § 1983.  (ECF No. 1.)  Plaintiff named as Defendants: (1) Dana

Nessel, in her individual capacity as the Attorney General of the State of Michigan;

(2) Dennis James, in his official and individual capacity as a special agent for the

Michigan Attorney General's Office, and (3) R. Paul Vitar, in his official and

individual capacity as an Assistant Attorney General of Michigan.  (*Id.*)  In broad

terms, Plaintiff challenges his arrest in South Carolina based on a warrant from

Michigan for failure to pay child support and the signing of a subsequent warrant for the same offense that he alleges was signed in retaliation.[1]

On July 19, 2021, the Court referred the matter to Magistrate Judge Kimberly G. Altman for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation ("R&R") on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B).  (ECF No. 6.)  On August 5, 2021, Plaintiff filed a motion to amend his Complaint (ECF No. 7), which Magistrate Judge Altman granted on August 11, 2021, permitting Plaintiff to file an amended complaint no later than August 31, 2021.  (ECF No. 8.)  On August 11, 2021, Plaintiff filed a second motion to amend the complaint.  (*See* ECF No. 9.)  Magistrate Judge Altman, therefore, denied Plaintiff's second motion to amend as moot.[2]  (ECF No. 17.)  Magistrate Judge Altman, however, noted that the complaint was attached to

---

[1] Plaintiff initially filed a federal lawsuit regarding his arrest in the District of South Carolina.  The case was subsequently transferred to this District and this Court.  *See Rouse v. Nessel*, et al., No. 20-12088, 2021 WL 4452212 (E.D. Mich. Sept. 29, 2021), report and recommendation adopted, 2021 WL 4785527, at *1 (E.D. Mich. July 30, 2021) ("the 2020 Case").  This Court dismissed the 2020 Case on September 29, 2021.  *See id*. ECF No. 41.  The case was also recently affirmed by the Sixth Circuit on appeal.  *See Rouse v. Nessel*, 2022 U.S. App. LEXIS 19069 (6th Cir. July 11, 2022).  Plaintiff filed this second lawsuit while the 2020 Case was pending.

[2] Plaintiff filed an objection to the Court's Order, conceding in part that the "second motion is moot."  (ECF No. 21 at Pg ID 178.)  Thus, the Court rejects this objection.

the second motion. (*Id.*)  As such, the Court will accept the amended complaint

attached to the motion (ECF No. 9 at Pg ID 72-87) as the operative complaint.[3]  On

August 12, 2021, Defendants filed a motion to dismiss (ECF No. 10), to which

Plaintiff filed an objection (ECF No. 15).  However, the magistrate judge denied

the Defendants' motion as moot since it was directed at the original complaint.

(ECF No. 18.)

     Before the Court are a motion to dismiss and accompanying supplemental

brief filed by Defendants (ECF Nos. 19, 20) and Plaintiff's third motion to amend

his complaint (ECF No. 23).  Magistrate Judge Altman issued a Report and

Recommendation ("R&R") on March 14, 2022, recommending that the Court grant

the motion to dismiss and deny the motion to amend (ECF No. 26)—a decision to

which Plaintiff objected (ECF No. 27).  Plaintiff also filed a "Motion Under

[Federal Rule of Evidence] 201 to Request the Court take Judicial Notice of the

Attached Documents."  (ECF No. 28.)  The Court construes the motion to

supplement his objections with exhibits, which the Court has reviewed and

considered.[4]

---

[3] The Court also notes that Nessel is named in her official capacity in the Amended
Complaint.  (*See* ECF No. 9.)

[4] Ordinarily, the court may not consider matters outside the pleadings when
deciding a Rule 12(b)(6) motion to dismiss.  However, "[w]hen a court is presented
with a Rule 12(b)(6) motion, it may consider the [c]omplaint and any exhibits

Magistrate Judge Altman construes Plaintiff's Amended Complaint to allege the following violations: (i) under 42 U.S.C. § 1983 a violation of his due process rights and a First Amendment retaliation claim (Count I); (ii) civil claim of conspiracy under 18 U.S.C. § 241 (Count II); and (iii) a deprivation of constitutional rights under 18 U.S.C. § 242 (Count III).  (ECF No. 26 at Pg ID 249-50.)  After reviewing Plaintiff's Amended Complaint, the Court concurs with this interpretation of the claims.

In the R&R, Magistrate Judge Altman concludes regarding Count I and Plaintiff's due process and lack of jurisdiction claims that (1) under *Rooker-Feldman* the Court does not have jurisdiction to hear Plaintiff's claims; (2) under *res judicata* the Court does not have jurisdiction to hear Plaintiff's claims; (3) Plaintiff's claims against Nessel and Viar should be dismissed based on absolute prosecutorial immunity; and (4) Plaintiff's claims should be dismissed because he has failed to state a claim.  (*Id.*, Pg ID 251-60.)  The magistrate judge concludes that the remaining retaliation and malicious prosecution claims in Count I regarding the signing of the warrant in 2021 fail to state claims and are barred by

---

attached thereto, public records, items appearing in the record of the case and exhibits attached to [the] defendant's motion to dismiss, so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).  The exhibits in Plaintiff's motion are public records referred to, and central to the claims in the complaint and will be considered.

*Heck* and *Younger*.[5]  (*Id*., Pg. ID 260-64.)  Finally, the magistrate judge concludes that Counts II and III are under criminal statutes and do not authorize civil suits based on deprivations of civil rights.  (*Id*., Pg ID 264.)  Regarding the motion to amend, Magistrate Judge Altman concludes that any amendment of Plaintiff's pleading would be futile.  (*Id*., Pg ID 264-65.)

## BACKGROUND

In his Amended Complaint, Plaintiff alleges that in 1994, Plaintiff's ex-wife filed for a default Judgement of Divorce in the State of Michigan.  (Am. Compl. ¶ 26, ECF No. 9 at Pg ID 76.)  On September 27, 2001, a support order was issued by "a third party judge signing the judges [sic] name to the order."  (*Id*. ¶ 30, Pg ID 77.)  Plaintiff alleges that this order was entered without due process and is void for lack of jurisdiction.  (*Id*. ¶¶ 30, 31, Pg ID 77.)

Plaintiff has been a resident of South Carolina since 2003.  (*Id*. ¶ 12, Pg ID 74.)  He is not a citizen of the State of Michigan and has no contacts with the State of Michigan.  (*Id*. ¶ 28, Pg ID 76.)  Plaintiff alleges that the subsequent warrants related to the child support order were allegedly issued without probable cause pursuant to Michigan Complied Laws § 750.165(2).  (*Id*. ¶ 32, Pg ID 77.)  Plaintiff's child support order was terminated due to emancipation in June 2009.  (*Id*. ¶ 62, Pg ID 81; *see also* ECF No. 28 at Pg ID 313.)

---

[5] *Heck v. Humphrey*, 512 U.S. 477 (1994); *Younger v. Harris*, 401 U.S. 37 (1971).

5

On May 29, 2015, Plaintiff was arrested in South Carolina based on the arrest warrant from the State of Michigan's Attorney General's Office. (Am. Compl. ¶ 33, ECF No. 9 at Pg ID 77.) The Attorney General's office "sent fraudulent [d]ocuments to the State of South Carolina [and] committed Fraud and [W]ire Fraud and misled the State of South Carolina to make it look like the plaintiff was a fugitive from justice." (*Id*. ¶ 15, Pg ID 75.) Following the arrest, Plaintiff made numerous requests for the status of the warrant, and those requests were repeatedly denied. (*Id*. ¶ 34, Pg ID 77.) However, Plaintiff attaches a letter to his motion to take judicial notice from the Macomb County Circuit Court in Michigan dated June 15, 2015, which states that he has arrears obligation on the file that are owed to Friend of Court ("FOC") and not dischargeable. (ECF No. 28 at Pg ID 319.)

In March of 2021, Plaintiff "obtained knowledge that the warrant was dismissed on May [16], 2017, Nolle Prosequi by [Assistant Attorney General Viar]. (Am. Compl. ¶ 40, ECF No. 9 at Pg ID 78.) On June 2, 2019, ten years after the support order ended, Plaintiff received notice from the FOC division advising him his case had been identified for possible closure for ten years of nonpayment. (ECF No. 28 at Pg ID 314.)

On March 25, 2021, Plaintiff moved to amend his complaint in the 2020 case to add a claim of malicious prosecution. (Am. Compl. ¶ 41, ECF No. 9 at 78.)

6

On April 22, 2021, Viar signed a new warrant charging the Plaintiff again for failure to pay child support, with James as a complaining witness.  (*Id*. ¶ 48, Pg ID 79.)  This was done in retaliation to Plaintiff's complaint in the 2020 lawsuit.  (*Id*., ¶ 43, Pg ID 79.)  This was also allegedly done after the statute of limitations had expired.  (*Id*., ¶ 58, Pg ID 81.)

## **STANDARD OF REVIEW**

When objections are filed to a magistrate judge's R&R on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  Nevertheless, the Court "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted).  A party's failure to file objections to certain conclusions of the R&R waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

The purpose of filing objections is to focus the district judge's "attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at 147.  Thus, a party's objections must be "specific." *Cole v. Yukins*, 7 F. App'x

354, 356 (6th Cir. 2001) (citations omitted). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Id.* (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). Moreover, objections that merely restate arguments previously presented, do not sufficiently identify alleged errors on the part of the magistrate judge. *Senneff v. Colvin*, No. 15-cv-13667, 2017 WL 710651, at *2 (E.D. Mich. Feb. 23, 2017) (citing cases). An objection that does nothing more than disagree with a magistrate judge's conclusion, or simply summarizes what has been argued before, is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *Watson v. Jamsen*, No. 16-cv-13770, 2017 WL 4250477, at *1 (E.D. Mich. Sept. 26, 2017).

## ANALYSIS

Plaintiff raises eleven objections to the R&R. (ECF No. 27.) However, Plaintiff fails to address Magistrate Judge Altman's conclusions regarding Counts II and III of his Amended Complaint. (*See* ECF No. 26 at Pg ID 264.) Plaintiff also fails to address Magistrate Judge Altman's conclusions regarding his failure to state a claim for First Amendment Retaliation. As such, Plaintiff waives his right to appeal on these issues. *See Smith*, 829 F.2d at 1373.

Similar to the 2020 Case, Plaintiff attacks the validity of the underlying 2001 child support order. (*See* Am. Compl. ¶ 31, ECF No. 9 at Pg ID 77 ("The order is

VOID for Lack of Jurisdiction and NO Due Process.").)  As such, Plaintiff's

complaint suffers from many of the same flaws as the preceding case.  *See*

*Thompson v. Lisa Gorcyca*, 2022 U.S. App. LEXIS 17881, *4 (6th Cir. June 28,

2022) ("[Plaintiff] continues to argue that he is not seeking review of the state-

court judgments themselves, but his assertion is undermined by the fact that he

asks this Court to relieve him 'of all obligations and void orders from the state

courts.'").

However, here, Plaintiff adds the additional claim that the 2021 warrant for

felony non-support was pursued in retaliation, maliciously, or in bad faith against

him.  As such, the Court will address this additional claim.  Further, to the extent

that the Court can discern Plaintiff's specific objections to the R&R, the Court will

address them individually below.

### A.     *Plaintiff's Due Process and Lack of Jurisdiction Claims*

Plaintiff in his first three objections to the R&R, argues that *Rooker-*

*Feldman* does not apply to his claims.  Plaintiff argues that the warrants were not

based on the 2001 child support order since it was terminated on June 3, 2009.

(*Id*., Pg ID 270-75.)  Further, Plaintiff asserts that the case was closed in 2019 by

the FOC because more than ten years have passed since his non-payment.  (*Id*., Pg

ID 271.)  These arguments are unavailing because in challenging the validity of the

arrest warrants, Plaintiff is challenging the underlying support order.  The arrest

warrants for felony failure to pay child support are based on the 2001 state court order. Plaintiff's source of injury therefore is the state court order. *See Rouse v. Nessel*, 2022 U.S. App. LEXIS 19069, *6 ("Because resolution of Rouse's federal claims would require the district court to reject the state-court child-support order, the court properly concluded that his claims are barred under the *Rooker-Feldman* doctrine."); *see also Belock v. Burt*, 19 F. App'x 323, 324 (6th Cir. 2001) (holding that a claim that it was improper under Ohio law for someone to have been required to pay support for his children after they reached age eighteen was barred by *Rooker-Feldman*.); *Karnes v. Dikis*, No. 01-CV-760, 2002 WL 31159301, at *3 (S.D. Ohio Sept. 5, 2002) ("Although Plaintiff attempts to couch his claims in terms of Constitutional violations, this case is clearly one in which Plaintiff seeks appellate review of his divorce and custody proceedings and the subsequent proceedings brought against him in contempt for failure to abide by the divorce and custody decree.") Plaintiff can or could have litigated his claims against the support order in state court but is barred from bringing these claims in this Court.

Plaintiff next objects arguing that exceptions to *Rooker-Felman* should apply for several reasons. Plaintiff, citing *People v. Monaco*, 710 N.W.2d 46 (Mich. 2006), argues that the new warrant was time barred by the statute of limitations. (ECF No. 27 at Pg ID 272-73.) As such, Plaintiff argues that in charging him for felony nonsupport Nessel, Viar, and James did so to impede, harass, and threaten

him.  (ECF No. 27 at Pg ID 273-74.)  The Michigan Supreme Court held that a felony failure to pay child support charge has a six-year statute of limitations. *Monaco*, 710 N.W.2d at 50.  However, as highlighted by Plaintiff, the new warrant has an offense date of May 1, 2015, to February 28, 2017.  As such, on its face, the warrant does not appear to be time barred.  Nevertheless, the statute of limitations defense should be asserted in state court and is barred by *Rooker-Feldman*.

Plaintiff argues that his claims are not barred because the state court lacked personal jurisdiction over him.  (ECF No. 27 at Pg ID 283.)  This claim challenges the validity of the state court support order.  It follows that the Court would have to reject the state court support order to resolve this claim.  As such, it is barred by *Rooker-Feldman*.  Further, the Sixth Circuit recently affirmed a district court holding that claims are barred under *Rooker-Feldman* even where alleged the state courts had not possessed "proper jurisdiction." *Thompson*, 2022 U.S. App. LEXIS 17881 at *4.

The Sixth Circuit recognizes an exception to *Rooker-Feldman*.  A federal court "may entertain a collateral attack on a state court judgment which is alleged to have been procured through fraud, deception, accident, or mistake...." *In re Sun Valley Foods Co.*, 801 F.2d 186, 189 (6th Cir. 1986) (quoting *Resolute Insurance Co. v. State of North Carolina,* 397 F.2d 586, 589 (4th Cir.1968).  If the Court were to construe Plaintiff's objections to invoke this exception, it is not persuaded

that the present allegations show any fraud, deception, accident, or mistake in the state court's 2001 support order. *See Thompson v. Gorcyca*, No. 20-CV-10727, 2021 WL 4220753, at *5 (E.D. Mich. Sept. 16, 2021) (holding the plaintiff's allegations and attempt to plead that defendant committed fraud are insufficient to defeat application of *Rooker-Feldman*.) The Sixth Circuit affirmed this reasoning stating that plaintiff's "single mention of fraud in his amended complaint was not accompanied by any factual allegations sufficient to support such a finding with respect to the other defendants." *Thompson*, 2022 U.S. App. LEXIS 17881 at *5. Plaintiff has not alleged sufficient facts to support his claim for exception, thus his claims cannot defeat application of *Rooker-Feldman*. Thus, Plaintiff's due process and jurisdictional claims are barred by *Rooker-Feldman* and must be dismissed.

Next, Plaintiff objects to the R&R's analysis of his claims under res judicata and collateral estoppel, arguing that this case involves "different defendants, states a different injury, and seeks a different remedy." (ECF No. 27 at Pg ID 285.) The Court finds that Plaintiff's 2020 Case involved the same due process and jurisdiction claims and nearly the same facts as the present case. As such, the Court finds that Plaintiff's due process and jurisdictional claims here are barred by res judicata and collateral estoppel.

In the R&R, Magistrate Judge Altman held that prosecutorial immunity applied only to Nessel and Viar. (ECF No. 26 at Pg ID 257-58.) Plaintiff objects

and asserts that prosecutorial immunity does not apply to Nessel and Viar because they charged the plaintiff on April 22, 2021, when there was no crime or probable cause.  (ECF No. 27 at Pg ID 289.)  As the Court understands, Plaintiff argues that this is because the prosecutor charged him relying on an intentional misrepresentation of material fact.  (*See id*.)  It is not clear what material misrepresentation Plaintiff is alluding to, and the Amended Complaint does not plausibly allege any material falsehood in Defendants probable cause determination.  However, as noted by Magistrate Judge Altman, in issuing the warrant in 2021, a Michigan a judge also found probable cause that Plaintiff violated Mich. Compl. Laws § 750.165(1).

Plaintiff further asserts that "the prosecutor was acting in an administrative capacity - as a complaining witness as in *Kalina* -- and not as an advocate."  (ECF No. 27 at Pg ID 289.)  However, the Sixth Circuit has patently dismissed the argument that a prosecutor was acting in an administrative capacity in Plaintiff's appeal of the 2020 case.  *Rouse*, 2022 U.S. App. LEXIS 19069 at *7-8.  As such, Nessel and Viar are entitled to absolute immunity.

Finally, Plaintiff objects to the R&R's finding that the Amended Complaint was devoid of facts showing any personal involvement of Nessel in charging Plaintiff for felony nonsupport.  (ECF No. 26 at Pg ID 259.)  Plaintiff explains that the 2021 warrant states Nessel's name which shows her personal involvement.

Plaintiff also objects to the R&R's finding that the claims are barred since Nessel
is named in her official capacity only.  Plaintiff states that he made an error in that
Nessel was supposed to be named in both her official and individual capacity
which is why he moved to amend the complaint (*see* ECF No. 23).  (ECF No. 27 at
Pg ID 298-98.)  However, even if the Court were to allow Plaintiff to amend his
complaint, Plaintiff's claims still fail on the preceding and following legal bases.

## B. First Amendment Retaliation or Malicious Prosecution Claim

Plaintiff does not object to the R&R analysis of the First Amendment
Retaliation claim finding that a First Amendment Retaliation claim is defeated by a
showing of probable cause to make an arrest.  *See Hartman v. Thompson*, 931 F.3d
471, 484–85 (6th Cir. 2019) ("As [*Nieves v. Bartlett*, 139 S. Ct. 1715 (2019)],
makes clear, if there is a showing of probable cause, a retaliatory arrest claim
fails.")

However, construing the Plaintiff's pleadings liberally, the Court will also
determine if Plaintiff has properly alleged a claim of malicious prosecution.[6]

---

[6] Magistrate Judge Altman addressed this claim in a footnote arguing a Michigan
judge found probable cause that Rouse violated M.C.L. § 750.165(1), so the claim
of malicious prosecution fails.  (ECF No. 26 at Pg ID 262 n.5 (citing *Sykes v.
Anderson*, 625 F.3d 294, 308-09 (6th Cir. 2010) (To succeed on a malicious
prosecution claim under § 1983 the plaintiff must show a lack of probable cause
for criminal prosecution).)  The Court concurs., however, the Court will address
this claim out of an abundance of caution under *Heck* and *Younger* despite
Plaintiff's insistence he has not asserted a malicious prosecution claim.  Plaintiff

Malicious prosecution under the Fourth Amendment "encompasses wrongful investigation, prosecution, conviction, and incarceration." *Barnes v. Wright*, 449 F.3d 709, 716 (6th Cir. 2006) (citation omitted). "The 'tort of malicious prosecution' is 'entirely distinct' from that of false arrest, as the malicious-prosecution tort 'remedies detention accompanied not by absence of legal process, but by wrongful institution of legal process.'" *Sykes*, 625 F.3d at 308 (emphasis removed) (quoting *Wallace v. Kato*, 549 U.S. 384, 390 (2007)). A plaintiff asserting a malicious prosecution claim under § 1983 must show:

> First, … that a criminal prosecution was initiated against the plaintiff and that the defendant made, influenced, or participated in the decision to prosecute. … Second, because a § 1983 claim is premised on the violation of a constitutional right, the plaintiff must show that there was a lack of probable cause for the criminal prosecution …. Third, the plaintiff must show that, as a consequence of a legal proceeding, the plaintiff suffered a deprivation of liberty, as understood in our Fourth Amendment jurisprudence, apart from the initial seizure. … Fourth, the criminal proceeding must have been resolved in the plaintiff's favor.

*Id*. (internal quotation marks, citations, and brackets omitted).; *see also Hartman v. Thompson*, 931 F.3d 471, 485 (6th Cir. 2019) (citing *Sykes*, 625 F.3d at 308–09; *Fox v. DeSoto*, 489 F.3d 227, 237 (6th Cir. 2007)).

---

states "Plaintiff is NOT and did NOT make a claim for Malicious Prosecution." (ECF No. 27 at Pg ID 301 (Capitalization in original).)

15

Magistrate Judge Altman notes in the R&R that if Plaintiff prevails on his retaliation claim, that will render the state court criminal proceeding invalid and run contrary to the holding in *Heck*.  (ECF No. 26 at Pg ID 262 (citing *Heck*, 512 U.S. 477.)  The Supreme Court in *Heck* held that where a plaintiff asserts a claim for constitutional violation or other harm seeking damages under 42 U.S.C. § 1983, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487.  The rationale is to "avoid[] parallel litigation over the issues of probable cause and guilt" and avoid "two conflicting resolutions arising out of the same or identical transactions." *Id*. at 484 (internal citations and quotations omitted).  Since the prior criminal proceeding has not terminated in favor of Plaintiff, he cannot meet the fourth element of a malicious prosecution claim, and determination of damages for this alleged Fourth Amendment violation is currently precluded by *Heck*.  As such, a claim for malicious prosecution is premature at this time, and the Court will dismiss this claim without prejudice.

Plaintiff argues that the exception to *Younger* abstention should apply to his claims.  Plaintiff argues that the Sixth Circuit has an exception to *Younger* abstention where there is bad faith prosecution, harassment, and flagrant

unconstitutionality.  (ECF No. 27 at Pg ID 300 (citing *Am. Fam. Prepaid Legal Corp. v. Columbus Bar Ass'n*, 498 F.3d 328, 335 (6th Cir. 2007)); *see also Fieger v. Thomas*, 74 F.3d 740, 750 (6th Cir. 1996) ("this [c]ourt will normally order a district court to dismiss a complaint unless the plaintiff can show that one of the exceptions to *Younger* applies, such as bad faith, harassment, or flagrant unconstitutionality.")  Plaintiff explains that he "has beyond doubt by the factual evidence presented to the Court [showed] that [] Nessel, [] Viar[,] and [] James has acted in bad faith and harassment — official lawlessness — in a statute's enforcement, acted in bad faith prosecution, harassment, and flagrant unconstitutionality."  (ECF No. 27 at Pg ID 300.)  Once again, however, Plaintiff's claim and argument are sparsely supported with any facts.  Further, the Sixth Circuit has found that cases allowing for a bad faith prosecution exception "are exceedingly rare, particularly where a plaintiff seeking to defeat an abstention argument has failed to avail himself first of state appellate processes before seeking relief in federal court . . . ."  *Tindall v. Wayne Cnty. Friend of Ct., by: £Schewe*, 269 F.3d 533, 539 (6th Cir. 2001).  Accordingly, the Court finds that it should abstain from exercising jurisdiction over both Plaintiff's retaliation and malicious prosecution claims pursuant to *Younger* and allow Plaintiff to litigate the issue in his state criminal case.

## C. Motion to Amend

Plaintiff objects to the R&R's finding that any amendment to his pleading would be futile and argues that he be allowed to "cure the defects in the prior complaint and add newly obtained Factual Evidence that go to the merits of the plaintiffs case." (ECF No. 27 at Pg ID 303.) In reviewing the motion, the Court notes that the claims are almost identical to the operative complaint, and therefore futile per the Court's prior determination. Accordingly, the Court also adopts the finding of Magistrate Judge Altman that amending the complaint would be futile as the claims would remain barred by *Rooker-Feldman*, res judicata, prosecutorial immunity, *Heck* and *Younger*, and a failure to state a claim.

## CONCLUSION

The Court concludes that Magistrate Judge Altman accurately analyzed the merits of Plaintiff's claims. Thus, the Court rejects Plaintiff's objections to the R&R and adopts Magistrate Judge Altman's March 14, 2022 R&R.

Accordingly,

**IT IS ORDERED** that Defendants' motion to dismiss (ECF No. 19) is **GRANTED**, that Plaintiff's First Amendment Retaliation and Malicious Prosecution claims are **DISMISSED WITHOUT PREJUDICE**, and that all other claims are **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to amend

(ECF No. 23) is **DENIED**.

     **IT IS SO ORDERED.**

                s/ Linda V. Parker          
                LINDA V. PARKER
                U.S. DISTRICT JUDGE

Dated: August 22, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, August 22, 2022, by electronic and/or U.S. First Class mail.

                s/Aaron Flanigan          
                Case Manager